WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damian Dudley,<br><br>     Plaintiff,<br><br>v.<br><br>Corizon Health Services, et al.,<br><br>     Defendants. | No. CV-19-04507-PHX-DGC (JZB)<br><br>**ORDER** |

Pending before the Court are Plaintiff Damien Dudley ("Plaintiff")'s Motion to Compel Discovery (Doc. 46), Plaintiff's Motion to Hold the Arizona Department of Corrections – Custodian of Records ("ADC") in Contempt for Failing to Obey a Subpoena (Doc. 50), and Defendant Corizon Health Services ("Defendant")'s Motion to Compel Medical Records (Doc. 51). For the following reasons, Plaintiff's Motion to Compel Discovery is denied; Plaintiff's Motion to Hold the Arizona Department of Corrections – Custodian of Records in Contempt for Failing to Obey a Subpoena is denied; and Defendant's unopposed Motion to Compel Medical Records is granted.

**I.    BACKGROUND**

On September 11, 2019, Plaintiff, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a First Amended Complaint in which he alleged that Defendant violated his rights under the Eighth Amendment by failing to provide him with adequate medical care. (Doc. 11.) Specifically, Plaintiff alleges that Defendant caused him to suffer chronic foot pain after providing him with improper footwear following his foot

surgery.  (*Id.* at 3–8 [Count One].)  He also alleges that Defendant caused him further pain and suffering when it failed to provide him with a medical waiver to exempt him from a "Work Based Education ('WBE') carpentry class" after he had trouble breathing because of the adverse effects of the sawdust and chemicals on his asthma.  (*Id.* at 13–16 [Count Three].)[1]

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(emphasis added).  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  If "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested," then "[a] party seeking discovery may move for an order compelling . . . production . . . or inspection."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  "[T]he [C]ourt must limit the frequency or extent of discovery" if it determines that "the proposed discovery is outside the scope permitted by [Fed. R. Civ. P.] 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

"Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based upon prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  In order to show "deliberate indifference," a plaintiff must show:

---

[1] Plaintiff also alleged two violations of his rights under the First Amendment.  (FAC at 9–12 [Count Two], 17–20 [Count Four].)  The Court dismissed Count Two and did not require an answer from Defendant for Count Four.  (Doc. 13 at 9.)

(1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'" and (2) that "defendant's response to the need was deliberately indifferent." *Id.* (internal citations and quotation marks omitted). In order to show that defendant's response was deliberately indifferent, the plaintiff must show (1) "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and (2) "harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal citations and quotation marks omitted).

## III. ANALYSIS

### A. Plaintiff's Motion to Compel Discovery Is Denied.

Plaintiff moves to compel Defendant to produce: (1) "all fines/penalties imposed by . . . Arizona, Indiana, New Mexico, Kansas, Idaho, Georgia, Michigan, Oregon, Colorado, California[,] and Illinois for contract violations for the year 2017" and (2) "state and federal lawsuit settlements for the year of 2017." (Doc. 46.) Plaintiff certifies that he has met and conferred with Defendant to obtain this evidence without court action pursuant to Fed. R. Civ. P. 37(a)(1). (Doc. 47.) The Court now considers the Motion (Doc. 46), Defendant's Response (Doc. 48), and Plaintiff's Reply (Doc. 53).

#### 1. Request for Production No. 2

In his Request for Production No. 2, Plaintiff requests "any and all fines/penalties imposed by the following states[:] Arizona, Indiana, New Mexico, Kansas, Idaho, Georgia, Michigan, Oregon, Colorado, California, and Illinois[] for contract violations for the year 2017." (Doc. 46 at 1.) Defendant objected to this request on the grounds that it was "[v]ague and ambiguous as to 'fines/penalties' and 'contract violations,'" "overly broad in scope, irrelevant, not proportional to the needs of the case, burdensome, and constitutes an impermissible fishing expedition." (Doc. 48 at 2.) Defendant also maintained that the "information Plaintiff is seeking has no relation to whether or not Defendant was deliberately indifferent to Plaintiff's medical needs" and his request "potentially seeks

1 information protected by attorney-client and/or work product privilege and disclosure of
2 information would be a potential violation of privacy confidentiality, and HIPAA." (*Id.*)

3 The Court sustains Defendant's objections to Request for Production No. 2. It is not clear from the request itself what "contracts" Plaintiff is referring to. Liberally construed, "contracts" could mean any type of legal agreement Defendant has entered into and for any reason–not just medical–thereby impermissibly including potentially irrelevant information. In asserting the relevance of the requested evidence, Plaintiff argues that "maybe [Defendant was] fined for delaying care for prisoners with chronic care/chronic illness; prisoners['] complaints being ignored for days weeks or months; failing to send prisoners to outside appointments to see specialists; and/or delaying prescriptions." (Doc. 46 at 4.) Even narrowing the scope of the request to just medical contracts and violations thereof–assuming, *arguendo*, that a violation of such a contract could be established–such evidence would not be relevant to the case at bar. How Defendant may have acted with respect to *other inmates* is not of consequence to how it acted with respect to *Plaintiff*. Moreover, Plaintiff narrowing the geographic scope of his request to just Arizona, California, and Oregon and expressly excluding personal information from his request (*id.* at 5) does not render the requested evidence relevant to the case at bar.

### 2. Request for Production No. 4

Similarly, the Court sustains Defendant's objections to Request for Production No. 4 in which Plaintiff requested "state and federal lawsuit settlements for the year of 2017." (Doc. 48 at 3–4.) As with the evidence requested in Request for Production No. 2, Defendant's settlement of any lawsuits–even if narrowed to ones involving medical claims by inmates–is irrelevant to how Defendant acted with respect to Plaintiff. How Defendant may have acted towards parties in other lawsuits has no relevance to how it may have acted with respect to Plaintiff. Thus, this evidence is irrelevant to the case at bar.

### 3. Conclusion

Because both of Plaintiff's requests seek evidence that is irrelevant to his case, his motion compelling the production of such is denied.

**B.   Plaintiff's Motion To Hold ADC In Contempt Is Denied.**

Plaintiff also moves to hold ADC in contempt for failing to obey a subpoena (Doc. 45) directing the production of Plaintiff's medical records.  (Doc. 50.)  The subpoena was served on ADC on August 21, 2020 and commanded ADC to produce the requested documents by 5:00 p.m. on September 1, 2020.  (Doc. 45.)

Under Fed. R. Civ. P. 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  However,

> In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance not by the subpoena.  Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command.  Disobedience of such an order may be treated as contempt.

Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment.  Because the Court has not issued an order requiring compliance with the subpoena–nor has Plaintiff requested one–it finds contempt sanctions unwarranted and premature.  Accordingly, Plaintiff's motion is denied.

**C.   Defendant's Unopposed Motion to Compel Production of Plaintiff's Medical Records Is Granted.**

Defendant moves to compel production of Plaintiff's medical records by ADC. (Doc. 51.)  The motion is unopposed as Plaintiff did not respond.[2]  Defendant certifies that it has conferred with Plaintiff to obtain this evidence without court action pursuant to Fed. R. Civ. P. 37(a)(1).  (Doc. 52.)  Specifically, Defendant attempted to obtain authorization from Plaintiff for release of his medical records on multiple occasions without success. (Doc. 51 at 2, Exs. A–E.)  Although Plaintiff's medical records are subject to HIPAA protection, *see generally* 45 C.F.R. § 164.502, there is an exception to this protection,

---

[2]   "The opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum."  LRCiv 7.2(c).

which provides that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . . [i]n response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order . . . ." 45 C.F.R. § 164.512(e)(1)(i). Therefore, given the manifest relevance of Plaintiff's medical records to his medical care claims under the Eighth Amendment and Defendant's defenses thereto and Plaintiff's lack of response to Defendant's numerous requests to obtain his authorization to obtain these records, the motion is granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 46) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold the Arizona Department of Corrections – Custodian of Records in Contempt for Failing to Obey a Subpoena (Doc. 50) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Medical Records (Doc. 51) is **granted**.

**IT IS FURTHER ORDERED** that the United States Marshal must, as soon as practicable, and no later than October 16, 2020, personally serve this Order upon David Shinn, Director of the Arizona Department of Corrections, at 1601 W. Jefferson, Phoenix, Arizona 85007 and Michael Gottfried, Assistant Arizona Attorney General, at 2005 N Central Ave. Phoenix, AZ 85004.

**IT IS FURTHER ORDERED** that no later than October 30, 2020, the Arizona Department of Corrections must produce Plaintiff's medical records relevant to his foot treatment, medical shoes, asthma, and medical waivers, including medical and physical history, consultations, nursing and provider encounters, lab reports, x-ray reports, medication records, refusals/consents, special needs order, grievances and any Health Needs Requests from March 1, 2014 through June 30, 2019, in accordance with this Order and 45 C.F.R. § 164.512(e)(1)(i) or show cause as to why this Court should not impose sanctions for its failure to comply with this Order.

1   Dated this 7th day of October, 2020.

Honorable John Z. Boyle
United States Magistrate Judge